BOLIN, Justice
(dissenting).
This Court, by order dated November 14, 2016, upheld a decision of the Alabama High School Athletic Association (“the Association”) and declared void the conflicting orders of the Washington Circuit Court and the Geneva Circuit Court. The order indicated that “[a] formal opinion of this Court will follow at a later date.” The Court is today issuing that opinion, and *1107 the judgment lines read: “Petition Granted and Writ Issued by Order Dated November 14, 2016.” I dissented from the issuance of the order; therefore, I must dissent from the opinion issued today, although if I were voting on a blank slate, I would concur.
As noted in Alabama High School Athletic Ass’n v. Rose, 446 So.2d 1, 5 (1984), “[a]thletics and athletes belong in their own arena. A courtroom is not the proper field of competition.... In other words, it’s their show; let them run it.” Recently, this Court has had several matters involving the Association come before it. Many, if not most of these matters, including the present one, have dealt with the eligibility of a student athlete to participate during a state playoff game—specifically, the subsequent disqualification through litigation of that student athlete’s team from advancing in the playoffs. Each time, the litigation occurs despite this Court’s precedent in Scott v. Kilpatrick, 286 Ala. 129, 237 So.2d 652 (1970)—that a court has no jurisdiction to interfere in the affairs of the Association unless there exists clear and convincing evidence of fraud, collusion, or arbitrariness on the part of the Association. In this case, after two circuit courts issued conflicting orders concerning the Association’s removal of Washington County High School from the initial playoff game, the Association postponed a scheduled playoff game pending emergency relief from this Court. This Court, in turn, was forced to issue an important decision in an abbreviated time frame, with little or no time for adequate briefing and argument by the parties. Moreover, any delay by this Court in issuing a decision could have caused a domino-effect postponement of many subsequent playoff games. This scenario is terribly unfair to all involved—the student athletes, the coaches, the student bodies, the schools, and the affected citizenry who love their local high-school sports. Although the judicial system will always be open to aggrieved parties and the business of the court system is the resolution of disputes, resort to the court system may not always be the best option. For this reason,' I write specially to point that surely the adults involved here, i.e., members of the Association, acting in concert with school administrators, coaches, teachers, as well as the parents of the players affected, should be able to devise an agreed-upon set of rules for a quicker, and arguably fairer, adjudication of such time-sensitive disputes, without the schools having to resort to injunctive relief in one or more circuit courts, from which an appeal to this Court will surely follow. The Association, being in charge of the process—and not the courts—should commit, out of fairness, to doing no less for this State’s student athletes who have spent months of out-of-class time practicing and sacrificing to make themselves the best players they can be in order to make their team successful.